UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

FILED
98 DEC 15 PM 12:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

CHARLES W. KING, )
    Plaintiff; )
   )
-vs.- )     No. CV-97-P-0856-S
   )
ROBERT E. RUBIN, Secretary of the )
Treasury, )
    Defendant.

DEC 1 5 1998



## OPINION

The defendant's Motion for Summary Judgment and the plaintiff's Motion for Summary Judgment were considered at this court's June 26, 1998 motion docket. For the reasons expressed herein, the plaintiff's motion is due to be denied and the defendant's motion is due to be granted.

### Facts

The plaintiff is a white male who is approximately fifty-two years old. He has been employed by the Internal Revenue Service (IRS) since 1972 and in management since 1982. In 1996 the plaintiff was a Field Branch Chief in the Birmingham District of the IRS. This position was a GM-14 mid-level management position.

In March 1996 the plaintiff was transferred to a nonmanagement position with pay retention. Thus, his position had the lower GS-12 rating but he received the same pay that he got in his GM-14 management position. In an IRS memorandum, the acting district director pointed to the plaintiff's experience with collections as a reason for reassigning the plaintiff to the field revenue officer position. That memo described the reassignment as a management-initiated action

in the best interest of the IRS. In another memo, the acting chief of the collection division cited operational shortfalls, concerns about the plaintiff's health, and the need for a fresh start as reasons for recommending the plaintiff's reassignment. Although the plaintiff contends in an affidavit that he did not volunteer to transfer, the plaintiff signed a Group Manager Reassignment Proposal indicating his agreement with the proposal and stating that he had volunteered to accept a lower grade position. The plaintiff also testified in a deposition for an unrelated case that he suggested the change to the acting division chief earlier in the year, although the plaintiff now claims he was led to use the word "suggest" by the attorney taking his deposition.

The plaintiff filed an individual complaint of employment discrimination with the Treasury Department on October 9, 1996, several months after his reassignment. The plaintiff checked off boxes indicating that he thought he was discriminated against on the bases of age, color, sex, and race. He attached a seventeen-page document detailing the events and incidents on which he based his complaint. The plaintiff contended that he was discriminated against as to his Performance Management and Recognition System rating for 1995. He concluded that he was forced to surrender his position due to constant undermining, humiliation, and embarrassment. The plaintiff also alleged the existence of a distinct pattern of favored treatment of minority employees and especially of those who had filed EEO complaints.

On April 9, 1997 the plaintiff filed this action alleging claims under Title VII. In his original complaint, the plaintiff alleged that the defendant discriminated against him on the basis of his sex and race[1] because of four EEO complaints that other employees had filed concerning

---

[1] Although the civil cover sheet that the plaintiff's attorney completed lists "Sex & Age Discrimination" as the causes of action, the complaint does not allege a claim for age discrimination.

the plaintiff. The plaintiff contended that he was pressured to accept an out-of-state detail, leaving his job to be filled by two minority females. The plaintiff also alleged that the defendant discriminated against him by treating him differently from other management employees.

In an amended complaint filed August 19, 1997, the plaintiff alleged that the IRS's Strategic Initiative ERR-16, an affirmative action/diversity initiative designed to increase representative of women and minorities in managerial and executive positions, violated the Equal Protection Clause of the Fifth Amendment and threatened impending injury to the plaintiff. The plaintiff also alleged other discriminatory acts, including a claim of hostile work environment.

The defendant filed a Motion for Summary Judgment on June 1, 1998 and supplemented it on June 25. The plaintiff filed an Interlocutory Motion for Summary Judgment on June 2, 1998, seeking this court's determination that ERR-16 is unconstitutional.

## Analysis

I. Plaintiff's Motion for Summary Judgment

In support of his motion, the plaintiff relies, in part, on a ruling from the District Court of the Western Division of Louisiana declaring ERR-16 violative of the Fifth Amendment.[2] In that case, as here, the plaintiffs moved for partial summary judgment, requesting a finding that ERR-16 was unconstitutional. In response to the defendant's argument that the plaintiffs failed

---

[2] *See Byrd v. Ruben*, 1997 LEXIS 10863 (W.D. La. May 9, 1997). The only other case dealing with ERR-16, of which this court is aware, is *Girard v. Rubin*, Civ. No. 93-20562 SW, 1996 WL 532169 (N.D. Cal. Sept. 11, 1996). In that case, the district court granted the defendant's motion to strike portions of the first amended complaint that challenged ERR-16. *See id.* at *4. Because the plaintiff's administrative charge involved discrimination in the Regional Management Careers Program, and despite the fact that the plaintiff alleged a continuous pattern of discrimination against white males over forty years of age, the court found that the ERR-16 claim had not been exhausted at the administrative level. *See id.*

to administratively exhaust claims regarding ERR-16, the court found that the plaintiffs' references in their administrative complaints to "a strategic initiative," "district efforts to achieve certain quotas," and improving "affirmative action statistics" sufficed to put the EEOC on notice that the plaintiffs were contesting the constitutionality of ERR-16.[3]

Although the defendant in this case has not raised the issue of exhaustion of administrative remedies, the court finds it significant. The plaintiffs' administrative complaint reveals nothing that would place an EEOC investigator on notice that the plaintiff challenged the lawfulness of ERR-16. Although the last page of the plaintiff's Department of the Treasury complaint alleges, "There is a distinct pattern of favored treatment of minority employees, especially those who have filed EEO complaints," the court does not believe that an investigation of the constitutionality of ERR-16 could reasonably have been expected to grow out of the plaintiff's charges. The administrative complaint chronicles the events surrounding the plaintiff's 1995 PMRS rating and the plaintiff's allegations that he was "constantly undermined, humiliated, and embarrassed." It focuses on the activities of several individuals and does not link the alleged discrimination to an IRS policy or practice. Because this court does not believe that the plaintiff administratively exhausted his allegations about the lawfulness of ERR-16, the court does not have jurisdiction over the ERR-16 claim. Therefore, the plaintiff's motion is due to be denied.

II. Defendant's Motion for Summary Judgment

The basis of the defendant's motion is that the plaintiff cannot point to an adverse employment decision upon which to premise his claims because the plaintiff agreed to the

---

[3] *See Byrd*, 1997 LEXIS 10863, at *15-16.

reassignment with pay retention. Although the plaintiff asserts that he did not volunteer to resign from his management position, the court notes that the plaintiff did sign the reassignment proposal indicating his agreement to accept the lower grade position.

Even if this court were to assume that the plaintiff was coerced into accepting a lower grade position, such that an adverse employment decision existed, the court would not find a genuine issue of material fact precluding summary judgment. The defendant offered as its legitimate nondiscriminatory reasons for reassigning the plaintiff the need to utilize the plaintiff's expertise to handle the backlog of cases and to implement the Integrated Collection System, concerns about the plaintiff's health, and the plaintiff's agreement to the proposed reassignment.

Although the plaintiff disputes that he volunteered for the reassignment, he has not offered evidence to show that the defendant's reasons were a pretext for race and gender discrimination. The plaintiff produced his sick leave record for 1995, apparently to refute the defendant's concerns about his health; however, the defendant's concerns did not focus solely on time away from the office. The plaintiff also submitted documents concerning another manager's voluntary reassignment in an effort to show that his own reassignment differed procedurally and therefore was not voluntary. However, these documents do not prove pretext. In fact, they indicate that the plaintiff reassigned the other manager for the same reasons he was later reassigned. Because the plaintiff has failed to introduce evidence of discriminatory intent, the defendant's motion for summary judgment is due to be granted.

Dated: December 15, 1998

Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. Chuck Hunter
    Mr. Walter E. Braswell